UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-CV-07900-RGK | Date | November 22, 2019 |
|---|---|---|---|
| Title | *Adam Acosta v. District Council 36 of the American Federation of State, County, and Municipal Employees, AFL-CIO* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand

## I. INTRODUCTION

On August 8, 2019, Adam Acosta ("Plaintiff") filed a Complaint in Los Angeles Superior Court against District Council 36 of the American Federation of State, County, and Municipal Employees ("DC36"), Andreas Jung ("Jung"), and Rodney Fowler ("Fowler") (collectively, "Defendants"). Plaintiff alleges the following against DC36 only: (1) discrimination on the basis of race, color, national origin and ancestry (Cal. Gov. Code § 12940(a)); (2) failure to remedy and prevent discrimination and harassment (Cal. Gov. Code § 12940(k)); (3) prohibition of retaliation (Cal. Gov. Code § 12940(h)); (4) wrongful termination in violation of public policy; and (5) breach of contract. Against all Defendants, Plaintiff alleges: (6) prohibition of harassment in employment on the basis of race, color, national origin and ancestry (Cal. Gov. Code § 12940(j)); and (7) violation of the Bane Civil Rights Act (Cal. Civ. Code § 52.1). Lastly, against Jung and Fowler, Plaintiff alleges conspiracy to interfere with civil rights (42 U.S.C. § 1985(3)).

On September 12, 2019, Defendants removed the action to federal court based on federal question. Subsequently, Plaintiff filed a First Amended Complaint ("FAC") removing the only federal claim, 42 U.S.C. § 1985(3).

Presently before the Court is Plaintiff's Motion to Remand. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff was the Assistant Executive Director ("AED") of District Council 36 at the time of his termination. DC36 is a regional council of the American Federation of State, County and Municipal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-07900-RGK | Date | November 22, 2019 |
| Title | *Adam Acosta v. District Council 36 of the American Federation of State, County, and Municipal Employees, AFL-CIO* | | |

Employees that represents 60 local unions and has approximately 25,000 members. Defendant Jung and Fowler are DC36's president and vice president, respectively.

Plaintiff began working for DC36 in 1993 and eventually became the AED on April 1, 2006. As the AED, Plaintiff began receiving disparaging remarks from Defendant Fowler. For example, prior to a board meeting, Fowler told Plaintiff, "there are too many of you," referring to his Latino race. In that same meeting, while appointing an interim president, Fowler urged the board to vote against Plaintiff—despite Plaintiff's prior experience as acting executive director. Plaintiff lost by one vote, and on the next day Fowler told Plaintiff the appointment was an act of "ethnic cleansing at DC36." In another instance, at a meeting with fifty-six leaders of local unions, Fowler repeatedly made race-based comments such as DC36 needing a "cultural change." Two days after the meeting, on August 13, 2018, Plaintiff was abruptly terminated without notice or explanation.

## III.     JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. §§ 1331 and 1332, there are two bases for federal subject matter jurisdiction. Section 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." Section 1332 provides federal courts with jurisdiction over actions that arise between citizens of different states where the amount in controversy exceeds $75,000.

Following removal from state court, a motion to remand for lack of subject matter jurisdiction may be brought "at any time before final judgment" 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction where no claims remain over which the district court has original jurisdiction. However, this "discretion to decline to exercise supplemental jurisdiction . . . is informed by the . . . values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997). Additionally, "if the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors . . . support a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

## IV.     DISCUSSION

Plaintiff contends the action should be remanded to state court because the FAC alleges only state claims and the interests of economy, convenience, fairness, and comity favor remand. The Court agrees.

### A.     Balance of Factors

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07900-RGK | Date | November 22, 2019 |
|---|---|---|---|
| Title | *Adam Acosta v. District Council 36 of the American Federation of State, County, and Municipal Employees, AFL-CIO* | | |

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of all factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 "It is generally preferable for a district court to remand remaining [supplemental] claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

The aforementioned factors greatly weigh towards remanding the case back to state court. This action is in its earliest stage of litigation and the Court has expended minimal resources. Thus, remand would not adversely affect judicial economy. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1210 (C.D. Cal. 2013) (declined to retain jurisdiction when the case was in the beginning stages of litigation); *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (same). Further, this Court previously held that "the resolution of the state law claims requires the application of California law, and the Court believes that a California court would be better suited to decide these issues. Thus, the interest in comity strongly favors [remand]." *Ross v. Permanente*, No. CV 14-09088-RGK, 2015 WL 1004985 (C.D. Cal. Mar. 5, 2015). Lastly, there is no indication that remand to state court would be inconvenient or unfair. *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1006 (N.D. Cal. 2013) ("the state forum will provide just as fair a proceeding as the federal one."); *Franklin v. Ford Motor Company*, CV16-5851-MWF, 2016 WL 7117239 (C.D. Cal. Dec. 6, 2016) ("The Los Angeles County Superior Court is located mere blocks from this Court . . .").

Accordingly, in the interest of judicial economy, comity, fairness, and convenience, the Court finds the case would be best litigated in state court.

### B. Forum Manipulation

Defendant argues that Plaintiff' Motion should be denied because Plaintiff is engaging in judge-shopping and forum manipulation. The Court disagrees.

It is well established a plaintiff does not engage in impermissible forum shopping where he "dismiss[es his] federal claims and move[s] for remand with all due speed after removal." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). The Ninth Circuit held, "there [is] nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.*; *See also Lanuza v QTC Mgmt.*, 2015 U.S. Dist. LEXIS 83492 (after amending complaint to drop federal claims, the court granted remand based on *Baddie*).

Plaintiff filed this case in state court asserting seven claims, only one of which invokes federal law. Defendant removed this case on federal question jurisdiction based on Plaintiff's single federal claim. Within 30 days, Plaintiff filed a FAC removing the sole federal claim, and subsequently filed this Motion to Remand. According to *Baddie,* there is "nothing manipulative" about Plaintiff's behavior. *See Dietrich v. Mission Hospital Regional Center*, No. SACV 17-0988-DOC, 2017 WL 4216560 (C.D. Cal.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-07900-RGK | Date | November 22, 2019 |
|---|---|---|---|
| Title | *Adam Acosta v. District Council 36 of the American Federation of State, County, and Municipal Employees, AFL-CIO* | | |

Sept. 20, 2017) (granting remand after plaintiff amended complaint to drop their sole federal claim). Additionally, Plaintiff's decision to drop his federal claim goes beyond a desire to litigate in state court. Plaintiff notes that Cal. Civ. Code § 52.1 sufficiently addresses the same behavior as 42 U.S.C. § 1985(3) while requiring proof of fewer elements. (Mot. at 7, ECF No. 12.)

Further, Defendant's argument that Plaintiff is engaged in judge-shopping behavior is unconvincing. "Judge-shopping constitutes conduct which abuses the judicial process." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). There is no indication Plaintiff is abusing the judicial process. As noted above, Plaintiff's decision to drop the federal claim is an acceptable litigation tactic. Indeed, courts in this circuit have granted remand based on this very conduct. *See Andrews v. Board of Trustees of the California State University*, No. CV 18-9832 PSG, 2019 WL 4137622 (C.D. Cal. May 28, 2019); *Kisaka v. University of Southern California USC*, No. CV 17-01746 BRO, 2017 WL 1960636 (C.D. Cal. May 11, 2017); *Deomampo v. Wells Fargo Bank*, No. C 09-1762 PJH, 2009 WL 1764533 (N.D. Cal. Jun. 19, 2009).

Accordingly, Defendant's argument fails on this point.

## V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                                                                                                                                                : _____

Initials of Preparer